SIGAL CHATTAH
United States Attorney
Nevada Bar No. 8264
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6551
Fax: (702) 388-6418
tony.lopez@usdoj.gov

ANN ENTWISTLE
Senior Trial Attorney
CHARLES B. DUNN
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Tel: (202) 305-3630
Ann.Entwistle@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX QUAGLIA and<br><br>PATRICK FRASER,<br><br>Defendants. | Case No. 2:20-cr-00196-GMN-NJK<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

The United States of America, by and through its undersigned attorneys, and defendant Patrick Fraser, by and through is undersigned counsel (collectively, hereinafter "the parties"), respectfully move for entry of a Protective Order governing discovery provided to defendant Fraser in this matter in accord with the following Stipulation.

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties, as follows:

Whereas, the parties recognize that various federal and state laws and regulations extend protections and limitations regarding the use, disclosure or publication of information associated with the privacy and identity of an individual, including, but not limited to, social security number, date of birth, address, telephone number, driver's license number, private financial information, banking information, and tax information, which is hereinafter collectively referred to as "Protected Personal Information" ("PPI");

Whereas, the parties recognize that discovery in the above-captioned case is voluminous and includes thousands of documents and other evidence containing PPI;

Whereas, the parties desire to provide for the timely and expeditious exchange of discovery while simultaneously guarding against the inappropriate use, disclosure, or publication of any PPI associated with any party;

Now, therefore, in light of the above, the parties have conferred on this matter and have reached agreement on the exchange and handling of materials provided in discovery as set forth below and jointly request that the Court approve this agreement as a Federal Criminal Rule 16(d)(1) Protective Order governing discovery.

**<u>Discovery Generally</u>**

1.      All materials provided as discovery by the government, including, but not limited to, recordings, investigators' or agency reports, witness statements, memoranda of interviews, computer hard drives and other electronic media, and any other documents provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the record), in preparation for or in connection with any stage of the

proceedings in this case, including pre-indictment, shall be referred to as "Discovery Materials."

2.      The government may produce Discovery Materials to attorneys for defendant Fraser without redacting PPI.

3.      Unless otherwise authorized by the Court, access to Discovery Materials produced by the government will be restricted attorneys for defendant Fraser, and any agents, contractors, or employees acting on behalf of defendant Fraser and his attorneys in connection with the above-captioned matter (hereinafter referred to collectively as "Authorized Person(s)"). Defendant Fraser is not an Authorized Person.

4.      Defendant Fraser shall only be permitted to review the Discovery Materials in the presence of defense counsel who shall retain exclusive possession of the Protected Information. Defendant Fraser may possess specific subsets of the Discovery Materials that do not contain PPI with written approval of counsel for the United States, which such written approval may take the form of an email from counsel for the United States to defense counsel.

5.      Attorneys for defendant Fraser will ensure that all Authorized Persons receive a copy of this Stipulation and are familiar with its terms and conditions.

6.      Except when carrying out duties or when acting on behalf of defendant Fraser and his attorneys in connection with the above-captioned matter, an Authorized Person shall not, without leave of Court:

    a.  grant or permit access to Discovery Materials by any non-Authorized Person.

    b.  allow or permit any non-Authorized Person to read, review, or reproduce any Discovery Materials.

    c.  distribute any Discovery Materials, by any means, to any non-Authorized Person.

    d.  use or disclose Discovery Materials for any purpose other than in connection with the defense of the above-captioned matter.

    e.  use or disclose Discovery Materials in connection with any pleadings or proceedings in the above-captioned matter without first redacting any PPI, unless the PPI is directly relevant to the matter at issue, in which case the PPI will be placed under seal.

    f.  use or disclose PPI in connection with any pleadings or proceedings in the above-captioned matter unless the PPI is directly relevant to the matter at issue, in which case the PPI will be placed under seal.

7.    An Authorized Person shall not, without leave of Court, permit any non-Authorized Person to retain any copies of Discovery Materials.  Unless otherwise authorized by the Court, upon conclusion of the above-captioned matter, defendant Fraser's attorney shall return any and all copies of Discovery Materials to the attorneys for the United States, or provide them with written certification that the Discovery Materials have been destroyed.

8.    Nothing in the agreement shall be deemed an admission of admissibility or inadmissibility of any of the Discovery Materials in any subsequent proceeding.

9.    Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at a hearing or trial, so long as appropriate redactions are made in accordance with LR IC 6-1.

4

WHEREFORE, the undersigned respectfully request that the Court accept and enter this Stipulation as the Protective Order governing discovery in this case.

DATED this 3rd day of July, 2024.

Respectfully submitted,

SIGAL CHATTAH
United States Attorney

/s/ Richard J. Pocker
RICHARD J. POCKER, ESQ.
Counsel for Defendant FRASER

/s/ Richard Anthony Lopez
RICHARD ANTHONY LOPEZ
Assistant United States Attorney

/s/ Charles B. Dunn
ANN ENTWISTLE
Senior Trial Attorney
CHARLES B. DUNN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch

**ORDER**

IT IS SO ORDERED this _____ day of _____, 2025.

_____
HONORABLE NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE