SIGAL CHATTAH
United States Attorney
Nevada Bar No. 8264
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6551
Fax: (702) 388-6418
tony.lopez@usdoj.gov

ANN ENTWISTLE
Senior Trial Attorney
CHARLES B. Dunn
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Tel: (202) 305-3630
Ann.Entwistle@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX QUAGLIA and<br><br>PATRICK FRASER,<br><br>Defendants. | Case No. 2:20-cr-00196-GMN-NJK<br><br>**COMPLEX CASE SCHEDULE (STIPULATION)** |

The United States of America, by and through its undersigned attorneys, and defendant Patrick Fraser, by and through his undersigned counsel, and after consultation between June 23, 2025 and June 30, 2025, submit this proposed Complex Case Schedule as follows:

1. <u>Complex Case</u>: The parties agree that this is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (ii), in that the failure to grant such a continuance of such proceeding would result in a possible miscarriage of justice and in that the nature of the prosecution is such that it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

a. The discovery in this matter consists of hundreds of thousands of pages of records and documents from numerous sources. The investigation encompassed activity in multiple districts and foreign countries, and the conduct alleged in the Indictment overlaps with various other matters of investigative activity.

b. The fraud scheme alleged in the Indictment is complex because it involves activity across many years in disparate locations, and financial records and data that will take significant time for the defense to review and adequately prepare for pretrial motions and trial.

2. <u>Trial Date</u>: The parties stipulate that they seek to vacate the currently scheduled calendar call on August 19, 2025, and trial date on August 25, 2025, and set the matter for a trial date in or about January 2026. At this time, the United States anticipates needing no more than three weeks to present its case-in-chief.

3. <u>Excluded Time</u>: The parties stipulate that all time from the defendant's arraignment in this case until the trial of this matter is excluded under Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv), as the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time

and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence, and the ends of justice outweigh the interests of the public and defendant in a speedy trial..

4.    Pretrial Motions: No pretrial motions are pending at this time.  The parties will file pretrial motions 90 days before the trial date to be set by the Court, with responses due 30 days after the filing of a pretrial motion, and optional replies due 14 days after receipt of a response. The motions deadlines shall be subject to extension by court-approved stipulation or order.

5.    Rule 16 Disclosures.  The United States expects to provide its initial production of discovery to the defense—excluding expert disclosures and Jencks Act disclosures (discussed below)—in early July 2025 upon entry of the proposed protective order related to personally identifying information.  The Government anticipates substantially completing discovery by approximately August 31, 2025.  Defendants will turn over Rule 16 reciprocal discovery, excluding expert disclosures, not later than 120 days before trial.  The parties understand their respective continuing obligations regarding disclosures required by the rules of procedure, statutes, and the United States Constitution. Nothing in this stipulation is intended to act as an exclusionary rule to bar the introduction of evidence at trial.

6.    Jencks Act Disclosures.  The United States is not required to disclose Jencks material until after the government witness testifies on direct examination.  18 U.S.C. § 3500(b).  Nevertheless, in the interest of efficiency, the Government agrees to make its disclosures under Jencks Act, 18 U.S.C. § 3500 *et. seq.*, no later than 15 days before trial, and will be permitted to supplement such disclosures with later-created materials.

7.    <u>Expert Disclosures</u>.  Both parties will make expert disclosures no later than 90 days before trial. Any rebuttal expert disclosures are due 30 days later.

WHEREFORE, the parties respectfully request that the Court enter an order for a complex case schedule addressing these issues and such other issues as the Court deems appropriate.

Dated this 3rd day of July, 2025.

Respectfully submitted,

SIGAL CHATTAH
United States Attorney


*/s/ Richard Anthony Lopez*
RICHARD ANTHONY LOPEZ
Assistant United States Attorney


*/s/ Charles B. Dunn*
ANN ENTWISTLE
Senior Trial Attorney
CHARLES B. DUNN
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch


*/s/ Richard J. Pocker*
RICHARD J. POCKER, ESQ.
Counsel for Defendant
PATRICK FRASER

4

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.

ALEX QUAGLIA and

PATRICK FRASER,

      Defendants.

Case No. 2:20-cr-00196-GMN-NJK

**FINDINGS AND ORDER
ESTABLISHING COMPLEX CASE
SCHEDULE**

This matter coming before the Court on the parties' Proposed Complex Case Schedule, the premises therein considered, and good cause showing, the Court orders as follows:

1.    <u>Complex Case</u>: The Court finds that this is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (ii), in that the failure to grant such a continuance of such proceeding would result in a possible miscarriage of justice and in that the nature of the prosecution is such that it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

    a.    The discovery in this matter consists of hundreds of thousands of pages of records and documents from numerous sources.  The investigation encompassed activity in multiple districts and foreign countries, and the conduct alleged in the Indictment overlaps with various other matters of investigative activity.

    b.    The fraud scheme alleged in the Indictment is complex because it involves activity across many years in disparate locations, and financial records and data

that will take significant time for the defense to review and adequately prepare for pretrial motions and trial.

2.    Trial Date: The current trial settings for this matter for calendar call on August 19, 2025, and trial on August 25, 2025, are vacated. Calendar call is hereby continued to  January 20, 2026     at 9:00 a.m.; and the trial is continued to  January 26, 2026     at the hour of 8:30 a.m.

3.    Excluded Time: All time from the defendant's arraignment in this case until the trial of this matter is excluded under Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv), as the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence, and the ends of justice outweigh the interests of the public and defendant in a speedy trial.

4.    Pretrial Motions.  The parties will file pretrial motions 90 days before the trial date, with responses due 30 days after the filing of a pretrial motion, and optional replies due 14 days after receipt of a response. The motions deadlines shall be subject to extension by court-approved stipulation or order.

5.    Rule 16 Disclosures.  The United States will begin Rule 16 disclosures in July 2025 upon entry of a protective order related to personally identifying information. Defendants will turn over Rule 16 reciprocal discovery, excluding expert disclosures, not later than 120 days before trial. The parties acknowledge their respective continuing obligations regarding disclosures required by the rules of procedure, statutes, and the United States Constitution.

6.    <u>Jencks Act Disclosures</u>.  The United States agrees to make its disclosures under the Jencks Act, 18 U.S.C. § 3500 *et. seq.*, no later than 15 days before trial, and will be permitted to supplement such disclosures with later-created materials.

7.    <u>Expert Disclosures</u>.  Both parties will make expert disclosures no later than 90 days before trial. Any rebuttal expert disclosures are due 30 days later.

**IT IS SO ORDERED.**

Dated: July 7, 2025                    _____

HON. GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE